UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHUBB CAPITAL I LIMITED ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-5806** |
| **NEW ORLEANS CITY** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Third-Party Defendants' Motion to Strike Third-Party Demand and Alternative Motion to Compel Arbitration (Doc. 34) and Defendant's Motion for Appeal/Review of Magistrate Judge Decision to District Court (Doc. 63). For the following reasons, Third-Party Defendants' Motion to Strike Third-Party Demand and Alternative Motion to Compel Arbitration (Doc. 34) is **GRANTED**; Defendant's Motion for Appeal/Review of Magistrate Judge Decision to District Court (Doc. 63) is **DENIED**.

## BACKGROUND

This case arises out of a contract dispute between the Crescent City Aviation Team ("CCAT") and Defendant the City of New Orleans by and through the New Orleans Aviation Board ("NOAB"). CCAT is a joint venture composed of Leo A. Daly Company ("Daly") and Atkins North America, Inc. ("Atkins"). NOAB and CCAT contracted for CCAT's provision of "professional engineering and architectural design and related services" for construction of

1

the new terminal facility at the Louis Armstrong New Orleans International Airport ("the Design Services Contract").[1] The Design Services Contract contains an arbitration clause.

Plaintiffs are a group of insurers ("the Insurers") who provide professional liability insurance coverage to Daly and Atkins, with CCAT listed as an additional insured.[2] On June 30, 2023, NOAB filed an arbitration demand with the American Arbitration Association against CCAT, Daly, Atkins, and the Insurers, demanding over $51 million in damages for errors and omissions in CCAT's project work pursuant to the Design Services Contract. The Insurers submitted a written demand to NOAB for dismissal from the arbitration. NOAB, however, refused to dismiss the Insurers.

On October 5, 2023, the Insurers filed suit in this Court, seeking (1) a declaratory judgment that NOAB has no right to demand arbitration from them and the Insurers should not be parties in the Arbitration, and (2) a preliminary and permanent injunction enjoining NOAB's prosecution of the Arbitration against them.[3] NOAB filed an answer and third-party complaint against Daly, Atkins, and CCAT ("Third-Party Defendants"), asserting claims for negligence, breach of contract, and solidary liability of members of a joint venture.[4] Now before the Court are Third-Party Defendants' Motion to Strike

---

[1] Doc. 26 at 4.
[2] Plaintiffs Chubb Capital I Limited, RenaissanceRe Corporate Capital (UK) Limited, Brit UW Limited, and Swiss Re International SE had a contract of professional liability insurance with Daly for the period of July 1, 2018 to July 1, 2019. Plaintiffs Catlin Underwriting Agencies Limited, Scor Global P&C SE, AIG Europe Limited, Starr Underwriting Agents Limited, Arch Insurance Canada Ltd., XL Reinsurance America Inc., Everest Insurance Company of Canada, Temple Insurance Company, and Aviva Insurance Company of Canada had a contract of professional liability insurance with Atkins for the period of April 30, 2020 to April 30, 2021.
[3] Doc. 1 at 10. On May 6, 2024, the Court granted Plaintiff's Motion for Preliminary Injunction. *See* Doc. 69.
[4] Doc. 21.

Third-Party Demand and Alternative Motion to Compel Arbitration and Defendant's Motion for Appeal/Review of Magistrate Judge Decision to District Court.[5] Each motion is opposed.

## LAW AND ANALYSIS

### 1. *Third-Party Defendants' Motion to Strike Third-Party Demand and Alternative Motion to Compel Arbitration (Doc. 34)*

Third-Party Defendants argue that NOAB's Third-Party Demand is improper under Federal Rule of Civil Procedure 14 and should therefore be stricken. NOAB briefly responded, stating that it would be filing a "Motion to Amend its previous filing to clarify that its 'Third-Party Demand' against CCAT should have been styled a 'Counterclaim' adding CCAT as additional parties to the original plaintiff insurers."[6] On February 14, 2024, NOAB filed a Motion for Leave to File Supplemental and Amending Counterclaim, which was referred to and denied as futile by the Magistrate Judge.[7]

A motion to strike a third-party claim first requires consideration of whether the claim is proper under Rule 14.[8] Rule 14 permits a defending party, as third-party plaintiff, to "serve a summons and complaint on a nonparty who

---

[5] Docs. 34 & 63. The Motion for Appeal/Review of Magistrate Judge Decision to District Court asks this Court to review the Magistrate Judge's denial of Defendant NOAB's Motion for Leave to File Supplemental and Amending Counterclaim. *See* Docs. 44 & 61.

[6] Doc. 43 at 1. The day after NOAB filed its opposition memorandum, Plaintiffs filed a reply brief, asserting that "NOAB has not filed an opposition to the Rule 14 Motion" and asking this Court to strike any such memorandum. Doc. 46. While Defendant NOAB's memorandum in opposition was filed in an untimely manner without leave of court, the Court nevertheless exercises its discretion and declines to strike the brief from the record, as Plaintiffs have failed to demonstrate or allege any prejudice suffered. *See* Doc. 69 at 3–4; Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 161–62 (5th Cir. 2006); Phillips v. Exact Sciences, No. 19-cv-0341, 2020 WL 419369, at *2 (W.D. La. Jan. 27, 2020).

[7] *See* Doc. 44.

[8] *See* FED. R. CIV. P. 14(a); United States v. Joe Grasso & Son, Inc., 380 F.2d 749 (5th Cir. 1967).

is or may be liable to it for all or part of the claim against it."[9] Thus, "it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim."[10]

In this case, Plaintiffs seek declaratory and injunctive relief against Defendant NOAB "for the purpose of having the insurer-Movers extricated from an ongoing arbitration initiated by NOAB."[11] Defendant NOAB, however, asserted negligence, breach of contract, and solidary liability claims against Third-Party Defendants Daly, Atkins, and CCAT.[12] Any liability of Daly, Atkins, and CCAT would not—as admitted by NOAB—be dependent upon the outcome of Plaintiffs' request for injunctive and declaratory relief to prevent arbitration against them. Accordingly, designation of NOAB's claims as third-party claims against Daly, Atkins, and CCAT does not comply with Rule 14.

"The Court is not aware of any rule that allows or requires the Court to convert improperly designated third-party complaints to properly plead counterclaims."[13] Accordingly, Third-Party Defendants' Motion to Strike Third-Party Demand is **GRANTED**, and Third-Party Plaintiff NOAB's claims against Third-Party Defendants Daly, Atkins, and CCAT are **DISMISSED WITHOUT PREJUDICE**.[14]

---

[9] FED. R. CIV. P. 14(a)(1).
[10] *Joe Grasso & Son*, 380 F.2d at 752.
[11] Doc. 34-1 at 2. *See also* Doc. 1.
[12] Doc. 21.
[13] Tindall Corp. v. Prepcon, Inc., No. 14-125, 2014 WL 5213087, at *2 (E.D. La. Oct. 14, 2014) (Engelhardt, J.).
[14] While the court in *Tindall Corp.* dismissed an improperly pleaded third-party complaint and simultaneously granted leave to amend to cure the pleading deficiencies, Defendant NOAB has failed to ask for such relief in its opposition to the instant motion to strike. *See* Doc. 21. In contrast with the defendant in *Tindall Corp.*, NOAB did not "ask the Court to construe its claims as properly pleaded counterclaims." *Tindall Corp.*, 2014 WL 5213087, at *2. Instead, Defendant NOAB filed a separate Motion for Leave to File Supplemental and Amending Counterclaim, which was denied by the Magistrate Judge on March 27, 2024. *See* Doc. 61. The Magistrate Judge's decision has been appealed to this Court.

## *2. Defendant's Motion for Appeal/Review of Magistrate Judge Decision to District Court (Doc. 63)*

In response to Third-Party Defendants' Motion to Strike, Defendant filed a Motion for Leave to File Supplemental and Amending Counterclaim.[15] On March 27, 2024, the Magistrate Judge denied Defendant's Motion for Leave.[16] Defendant thereafter filed a Motion for Appeal/Review of the Magistrate Judge's decision denying it leave to file a supplemental and amending counterclaim, wherein Defendant argues that the Magistrate Judge "incorrectly held that NOAB's proposed amendment was 'futile[.]'"[17]

"Under 28 U.S.C. § 636(b)(1)(A), a district court reviews a magistrate judge's ruling on a non-dispositive pretrial motion to determine whether that decision was clearly erroneous or contrary to law."[18] A magistrate judge's factual findings are reviewed for clear error.[19] A magistrate's legal conclusions are reviewed *de novo*, but "the contrary to law standard applies."[20] "A decision is 'contrary to law' if it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[21] Section 636(b)(1)(A) is a "highly deferential standard" that requires the district court to affirm the decision of the magistrate judge

---

[15] Doc. 44.
[16] Doc. 61.
[17] Doc. 63 at 3.
[18] DL Star, LLC v. Royal Seal Constr., Inc., No. 14-0952, 2015 WL 429976, at *2 (W.D. La. Feb. 2, 2015) (citing 28 U.S.C. § 636(b)(1)(A); Fruge v. Ulterra Drilling Techs., LP, 883 F. Supp. 2d 692, 694 (W.D. La. 2012)).
[19] *Id.* (citing Jordan v. Patwardhan, No. 12-1575, 2013 WL 1333026, at *2 (W.D. La. Mar. 29, 2013)).
[20] Precht v. Columbia Gulf Transmission, LLC, No. 18-0853, 2018 WL 10509389, at *1 (W.D. La. Dec. 11, 2018) (quoting Williams v. United States, No. 08-00437 ACK-BMK, 2012 WL 406904, at *3 (D. Haw. Feb. 8, 2012)).
[21] *Id.* (citing Morgal v. Maricopa Cty. Bd. of Sup'rs, 284 F.R.D. 452, 459 (D. Ariz. 2012)).

unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed."[22]

Under Federal Rule of Civil Procedure 15(a)(2), if the time periods for amending as a matter of course under Rule 15(a)(1) have passed, the Court may grant a party leave to amend a pleading "when justice so requires."[23] "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."[24] The decision whether to grant leave to amend is entrusted to a district court's sound discretion.[25]

In her opinion, the Magistrate Judge found that "NOAB's requested amendment recharacterizing its Third-Party Demand against CCAT, LAD, and Atkins into a Counterclaim is futile and would only create additional procedural difficulties for the Court."[26] The Magistrate Judge reasoned that "NOAB had already initiated the ongoing arbitration proceedings themselves and filed a motion to compel arbitration before this Court. Therefore, NOAB's [sic] had already consented to arbitration of their substantive claims against CCAT, LAD, and Atkins, who similarly did not contest that they have an agreement to arbitrate."[27] The Magistrate Judge therefore concluded that amendment would be futile because "joining CCAT, LAD, and Atkins as parties

---

[22] Baylor Health Care Sys. v. Equitable Plan Servs., Inc., 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).
[23] FED. R. CIV. P. 15(a)(2).
[24] Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (internal citations omitted).
[25] *Id.*
[26] Doc. 61 at 7.
[27] *Id.* at 5–6. On May 6, 2024, the Court denied Defendant's Motion to Compel Arbitration and Stay Litigation. *See* Doc. 69.

in this litigation does not assist the Court in evaluating the Insurer's claim for declaratory and injunctive relief."[28]

Other district courts have similarly found an amendment to be futile where the claims in the proposed pleading fell within the scope of an arbitration clause.[29] Here too, the parties seem to agree that the proposed pleading falls within the scope of the arbitration clause in the Design Services Contract. No party disputes the scope or validity of the arbitration agreement. To the contrary, CCAT, Daly, and Atkins have moved this Court to compel arbitration of NOAB's claims against them if not stricken.[30]

And the facts in this case go a step further than the above-cited cases finding futility. Defendant NOAB has already filed an arbitration demand for the very claims it seeks to assert in its counterclaim. Granting NOAB leave to amend would therefore be futile and "a waste of judicial resources."[31] Considering the highly deferential standard of review and the Magistrate Judge's findings, this Court is unable to conclude that the Magistrate Judge's analysis "fails to apply or misapplies relevant statutes, case law, or rules of procedure."[32] Accordingly, Defendant's Motion for Appeal of Magistrate Decision is denied.

---

[28] Doc. 61 at 6.
[29] *See* W.L. Doggett LLC v. Paychex, Inc., 92 F. Supp. 3d 593, 600 (S.D. Tex. 2015) (citing Lionheart Project Logistics, Inc. v. BBC Chartering USA, LLC, No. 4:11-2076, 2011 WL 3739065, at *5 n.2 (S.D. Tex. Aug. 24, 2011)).
[30] *See* Doc. 34.
[31] M.D. v. Perry, 294 F.R.D. 7, 64 (S.D. Tex. 2013) (internal citations omitted) ("Futility of amendment applies when there is a defect the court has found in the [pleading] that cannot be cured by the proposed amendment and so allowing it would be a waste of judicial resources.").
[32] *Precht*, 2018 WL 10509389, at *1 (citing *Morgal*, 284 F.R.D. at 459).

## CONCLUSION

For the foregoing reasons, Third-Party Defendants' Motion to Strike Third-Party Demand and Alternative Motion to Compel Arbitration (Doc. 34) is **GRANTED**; Defendant's Motion for Appeal/Review of Magistrate Judge Decision to District Court (Doc. 63) is **DENIED**.

**IT IS ORDERED** that NOAB's Third-Party Demand be stricken from the record, and Third-Party Plaintiff NOAB's claims against Third-Party Defendants Daly, Atkins, and CCAT are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 1st day of July, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**