UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHUBB CAPITAL I LIMITED ET AL. | CIVIL ACTION |
| VERSUS | NO: 23-5806 |
| NEW ORLEANS CITY | SECTION: "H" |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Stay Litigation Pending Arbitration Between NOAB and Plaintiffs' Insureds (Doc. 82). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This case arises out of a contract dispute between the Crescent City Aviation Team ("CCAT") and Defendant the City of New Orleans by and through the New Orleans Aviation Board ("NOAB").[1] NOAB and CCAT contracted for CCAT's provision of "professional engineering and architectural design and related services" for construction of the new terminal facility at the Louis Armstrong New Orleans International Airport ("the Design Services Contract").[2] The Design Services Contract contains an arbitration clause.

---

[1] CCAT is a joint venture composed of Leo A. Daly Company ("Daly") and Atkins North America, Inc. ("Atkins").
[2] Doc. 26 at 4.

1

Plaintiffs are a group of insurers ("the Insurers") who provide professional liability insurance coverage to Daly and Atkins, with CCAT listed as an additional insured.[3] On June 30, 2023, NOAB filed an arbitration demand with the American Arbitration Association against CCAT, Daly, Atkins, and the Insurers, demanding over $51 million in damages for errors and omissions in CCAT's project work.

On October 5, 2023, the Insurers filed suit in this Court, seeking (1) a declaratory judgment that NOAB has no right to demand arbitration from them and the Insurers should not be parties in the arbitration, and (2) a preliminary and permanent injunction enjoining NOAB's prosecution of the arbitration against them.[4] On May 6, 2024, this Court granted the Insurers' request for a preliminary injunction, thereby enjoining NOAB's arbitration demand against the Insurers.[5]

Now before the Court is NOAB's Motion to Stay Litigation Pending Arbitration Between NOAB and Plaintiffs' Insureds. The Insurers oppose.[6]

## **LEGAL STANDARD**

The Federal Arbitration Act ("FAA") requires a stay of proceedings where the court finds that "the issue involved in such suit or proceeding is

---

[3] Plaintiffs Chubb Capital I Limited, RenaissanceRe Corporate Capital (UK) Limited, Brit UW Limited, and Swiss Re International SE had a contract of professional liability insurance with Daly for the period of July 1, 2018 to July 1, 2019. Plaintiffs Catlin Underwriting Agencies Limited, Scor Global P&C SE, AIG Europe Limited, Starr Underwriting Agents Limited, Arch Insurance Canada Ltd., XL Reinsurance America Inc., Everest Insurance Company of Canada, Temple Insurance Company, and Aviva Insurance Company of Canada had a contract of professional liability insurance with Atkins for the period of April 30, 2020 to April 30, 2021.
[4] Doc. 1 at 10.
[5] Doc. 69. The Court also denied NOAB's motion to compel the Insurers to arbitrate. *Id.*
[6] Doc. 86 at 3.

referable to arbitration" pursuant to a written arbitration agreement.[7] "In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration."[8] "That decision is one left to the district court . . . as a matter of its discretion to control its docket."[9] And if the district court issues a stay order, it must place "reasonable limits on its duration."[10]

## LAW AND ANALYSIS

On May 6, 2024, this Court issued a preliminary injunction, enjoining NAOB's arbitration demand against the Insurers.[11] The arbitration proceedings—pending since June 30, 2023—among CCAT, Daly, and Atkins ("the Insureds") and NOAB will proceed. Various motions remain pending before this Court, including a Rule 12(b)(6) motion to dismiss NOAB's counterclaim asserted against the Insurers. NOAB therefore asks this Court to "not make substantive rulings" on the issues raised in these motions "because such substantive issues as to the Insurers' insureds' liability under Louisiana law are for the arbitrators to decide in the first instance."[12] Defendants, however, respond that the motion to stay is "premature considering the pending Rule 12 motion" and that the issuance of a stay "should not affect the ability of the Court to rule on the Rule 12 motion."[13]

Under Louisiana law, insurers generally may owe their insureds a duty to defend and/or a duty to indemnify. The duty to indemnify is the insurer's

---

[7] 9 U.S.C. § 3.
[8] Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 n.23 (1983).
[9] *Id.* (citing Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936)).
[10] GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir. 1985) (citing Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545 (5th Cir. 1983)).
[11] Doc. 69.
[12] Doc. 92-1 at 2.
[13] Doc. 86 at 5.

"obligation to provide coverage for damage claims."[14] "'[T]he insurer's duty to indemnify' pertains to 'a covered claim after judgment against the insured in the underlying liability case.'"[15] Therefore, resolution of the issue of the insurer's duty to indemnify the insured will necessarily depend on the disposition of the merits of the injured party's claim.[16]

Here, the merits of NOAB's claims against the Insureds will be determined in arbitration. NOAB has already initiated arbitration, and no party disputes the validity and scope of the arbitration agreement between NOAB and the Insureds.[17] The Insurers' duty to indemnify the Insureds, among other issues, therefore depends upon the outcome of the pending arbitration proceedings. Thus, the Court finds that issuance of a discretionary stay pending resolution of arbitration between NOAB and the Insureds is warranted to maintain control of this Court's docket and to efficiently resolve this case.

## CONCLUSION

For the foregoing reasons, Defendant NOAB's Motion to Stay Litigation Pending Arbitration Between NOAB and Plaintiffs' Insureds (Doc. 82) is **GRANTED**.

**IT IS ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending resolution of the arbitration

---

[14] Arceneaux v. Amstar Corp., 200 So. 3d 277, 281 (La. 2016) (citing Elliott v. Cont'l Cas. Co., 949 So. 2d 1247, 1250 (La. 2007)).

[15] Lewis v. State Nat'l Ins. Co., Inc., 368 So. 3d 653, 667 (La. App. 4th Cir. 2023) (citing Brilliant Nat'l Servs., Inc. v. Travelers Indem. Co., 349 So. 3d 581, 585 (La. App. 1st Cir. 2022)).

[16] Motorola, Inc. v. Assoc. Indem. Corp., 878 So. 2d 824, 837 (La. App. 1st Cir. 2004)).

[17] In fact, the Insureds previously moved this Court to compel arbitration pursuant to the Design Services Contract. *See* Doc. 34. The Court did not reach this alternative issue, however, because it struck NOAB's Third-Party Demand from the record. *See* Doc. 93.

proceedings between Defendant NOAB and CCAT, Daly, and Atkins. The case may be re-opened upon motion of any party to this case upon resolution of the arbitration proceedings.

**IT IS FURTHER ORDERED** that the oral argument on Plaintiffs/Counterclaim Defendants' Rule 12(b)(6) Motion to Dismiss presently set for July 25, 2024 is **CANCELLED**.

New Orleans, Louisiana this 18th day of July, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**